This case involves basically the same issue as the BURDEN case. So I think it would be useful to avoid, to the extent possible, going over exactly the same ground that we've just gone over. But Ms. Tempesta? MS. TEMPESTA Yes, that's correct. Your Honor, I'll do what I can today to try and stress the point that will help convince this Court that 38 U.S.C. 5107B should be read in conjunction with 103C to provide the benefit of the doubt to the claimant while assessing surviving spouse status. The Veterans Court's decision to the contrary, to which this Court provides no deference, was error requiring either vacating or reversal. Now the first point I'd like to make is that the standard set forth in 5107B cannot be ignored. It should apply here in conjunction with 103C. The government's arguments to the contrary ignore the statutory context and Supreme Court precedent requiring that this Court construe Veterans Benefit Statutes in a liberal, pro-veteran manner to allow a harmonious interplay of the separate provisions. The government points to the language of 103C that says, according to the law of the place as supposedly explicitly providing a standard of proof. But that language is not a clear and explicit indication by Congress of the standard of proof, and it ignores the statutory context and the Supreme Court's guidance provided in its fiscal. 5107B expressly provides a standard of proof. That is to be applied in connection with any issue material to the determination of a matter. The Secretary cites only a dictionary definition in support of his interpretation of the word proven, and has really no support for his argument that the law of the place necessarily includes the standard of proof. Would this marriage be valid under the law of the state? If the clear and convincing evidence standard is applied... If the clear and convincing evidence standard is the standard that applies in that state, that is part of their law, correct? That's correct, Your Honor. If an Alabama court addressed this issue, it is possible that Ms. Coleman and Mr. Coleman's marriage may not be found valid in Alabama. But what we're asking the court to do is apply 103C, which says it's valid for the purposes of all laws administered by the Secretary according to the place, and reading that statutory language in context with the standard of proof that's applied in 5107B, the elements of Alabama law in conjunction with the standard of proof of 5107B should be applied here. I'll remind this court that the Supreme Court in Fishgold provided the following guidance. It instructed courts to construe the separate provisions of veterans' law as parts of an organic whole and give each as liberal a construction for the benefit of the veteran as a harmonious interplay of the separate provisions permit. That's what we're asking the court to do here. And this court recently applied that principle in Viegas where the court said, even if it were a closed case, courts are constrained to construe veterans' benefit statutes in the claimant's favor. Following that precedent, this court should find 103C provides the elements that need to be applied and that 5107B provides the standard of proof. That is the pro-veteran construction, and it is permitted by a harmonious interplay of the separate provisions. That should really be the end of the inquiry. If we go beyond that and also consider the statutory context of Section 103A, that provides further guidance. And you may ask, how does 103A help us here? This is a 103C case, but the answer again lies in the statutory context. I'd like to provide a brief hypothetical to illustrate how 103A confirms that Ms. Coleman's interpretation of the statute is correct. Assume that you have Ms. X in a non-common-law state, and there are about 40 of these in the United States. And then we have Ms. Coleman in a common-law state. There are about 10 of these, one of them being where she is from, Alabama. Assume that both spouses provide exactly the same set of facts to the VA in an attempt to prove surviving spouse status. Under the Burden Court's interpretation of 103C, Ms. Coleman may not be able to prove that she is a surviving spouse for purposes of the receipt of VA benefits due to the application of the high, clear, and convincing evidence standard. But Ms. X would likely be able to prove that she is a spouse under the deemed valid provision of 103A, as long as she could also attest that she was unaware that her jurisdiction did not recognize it. But that hypothetical is belayed by the fact that 103A allows for subjective cases of lack of knowledge to exist. You're right. Under the law of 103A, forget the burden of proof. You could have two identically situated veteran spouses, one who gets benefits and one doesn't, because one's aware of the law and the other is not aware of the law. And it's unfortunate that that sort of inequity would exist, but it's inherent in the statute itself, and we can't do anything to undo that. Well, it seems that, and there's legislative history to show that by enacting 103A, Congress was trying to get rid of unfair results that were happening when surviving spouses were not able to receive benefits, although, in all fairness, they probably should have received those benefits. So by enacting 103A, Congress sought to even the playing field as much as possible, not to make it uneven in the manner that I just described. And so applying the Supreme Court's guidance in Fishcold and the pro-veteran canon, reading these subsections in the most harmonious way possible, this Court should determine that the benefit of the doubt standard applies to 103C. And by the way, the board below, in several cases, applies the benefit of the doubt standard in connection with 103A. So applying it in connection with both of these subsections of the statute would make sense, and it is permitted by the language of the statute, and it is the pro-veteran reading here. Just going back to, briefly, 5107B, the government presented an argument that the language of 103C is so clear that we don't need to look to 5107B, that the language in 103C provides an exception to the benefit of the doubt rule. But in the instances cited in the Secretary's brief where there was an exception, the statutory language explicitly recited a standard of proof, either clear and convincing evidence, or clear and unmistakable evidence, and those words were— Well, here they can't articulate a clear standard of proof because it varies by state law. So they say proven valid according to the law of the place where the person resided. If they put clear and convincing in here, and some states don't require clear and convincing, how do you accommodate that? So the easiest way in the statute would be proven according to the law of the state. Right, that's correct, Your Honor. And we do think that looking at that language, that that language doesn't explicitly provide the standard of proof. And so we just go back—we should go back to the language of 5107B, which says that the benefit of the doubt is provided to the claimant, and that is in accord with the whole purpose of these statutory sections, which were to liberally provide benefits to those who deserve them. Well, I really think I don't agree with you. I think the purpose of this statutory section is to recognize that marriage is a subject of state law  It's a basic federalist principle that applies to veterans like everyone else. Marriage is a function of state law, not federal law. And they create a tiny little exception under 103A, which is a very pro-veteran exception. But 103C seems very clearly to want to enforce traditional federalist notions of state law governing issues such as what constitutes a valid marriage. I agree, Your Honor. And just delving into that a little bit further, the government made the argument that this impinges on state rights, that if we didn't just apply Alabama's standard of proof, along with the elements of proof, that we are somehow impinging on states' rights. That is simply incorrect. What we are trying to do here is determine whether Ms. Coleman is entitled to surviving spouse benefits for the purpose of receiving VA benefits. That has nothing to do with the status of her relationship in Alabama itself and would in no way require Alabama to treat her in any specific manner. At the time 103C was enacted, what was the situation with respect to common-law marriage and state law? I think you mentioned about a quarter of the states recognized common-law marriage. Did the burden of proof vary? Was Alabama an unusual state? What do we know about that? Unfortunately, I am not aware of what standard of proof was required. I know that back then, right now, the statistics are as follows. Forty states do not recognize common-law marriage. Nine states and the District of Columbia do recognize common-law marriage. Back then it was closer to 50-50. Although I don't have the exact numbers, I got the numbers that I'm reciting from the National Conference of State Legislatures. So we don't know with respect to the 25 or whatever states that recognize common-law marriage what the burden of proof standards were at the time of the enactment of 103C? That's correct, Your Honor. Unfortunately, I'm not aware of that information. So absent further questions from the panel, I'll save the rest of my time for rebuttal. Actually, there is one other point I wanted to address, and this was brought up in connection with the Burden case. Ms. Burden presents a second issue in connection with her appeal, and that is that 103A is potentially applicable to these facts and that the VA should have notified her of that statute's potential applicability. We view that if that argument is accepted, we think that would be a change in the law and that if this Court accepts that argument, Ms. Coleman should be permitted on remand to present a case under 103A. Thank you. I'll save the rest of my time. Thank you, Ms. Tempesta. Ms. Barton. May it please the Court, briefly because you've already heard much of the government's argument in connection with Are there a lot of these cases? I mean, we have two on one day. And strangely, you guys have two different ones. You're both in the same division. Isn't there some efficiency? I would have thought one of you would argue both of them. But apart from those sorts of decisions, are there a whole bunch of these waiting somewhere? I've never seen this issue before. We have not seen it either, Your Honor. I think it's, frankly, the happenstance of what cases filter up and some that don't. Really? Like these two cases just ended up on our panel together, totally? Well, we had flagged these cases as directly related cases. Because I do believe the outcome in Burden would control in Coleman. But you're not aware of any other cases in the pipeline that are similarly based on… No, Your Honor. How many states have this clear and convincing evidence standard for common law marriage? Of the ten that currently recognize common law marriage, I believe nine would set forth the standard of clear and convincing or something very similar to that standard. At least one state does use the preponderance. And then there's also cited in the Burden decision a Montana statute, which governs in common law marriage, which is kind of a unique system, where they actually reference a presumption that individuals living together and holding themselves out as married are, in fact, married. So it's not that necessarily every state applies clear and convincing. The majority do, but there are the circumstances where, certainly with a presumption in play in favor of the marriage, it could actually be simpler to apply the state standard of proof in that case. Do you know what the situation was when 103C was enacted? Not at the exact time. As Counsel for Coleman mentioned, at the time there are currently 22 states that recognize common law marriages that were put into place before a certain date. Some of those dates are quite far in the past. I think approximately six states also had common law marriage or were recognizing common law marriage at the time that this statute was enacted, and I believe at least one of those was also a preponderance state. I believe the others were clear and convincing standards. So both at the time the statute was enacted and now, most states who have common law marriage have a clear and convincing standard. Yes, Your Honor. Okay. Just briefly to touch on the plain language of the statute, it's completely appropriate to look to dictionary definitions as far as to determine what the plain language of the statute may mean. And also Ms. Coleman takes issue with that the law of the place has not been supported or it's not the most naturally read to encompass the entirety of state law. That is in fact true because that phrase, the law of the place is not modified or limited in any way. So while Ms. Coleman believes that perhaps the substantive elements may be incorporated but not the standard of proof, there's actually nothing within the text of the statute that would support that. Also the law of the place is also- The evidence burden is part of the law of the place. Part of the law of Alabama. Whatever standard of proof is applied by the state is the law of the place that the courts should look to. The law, and that's supported by the law of the place, is also a phrase that's found in the Federal Tort Claims Act. And the Supreme Court in U.S. v. Richards, a choice of law case has interpreted the law of the place to incorporate the whole law of the place and has applied that accordingly. Including burden of proof. They look to whatever the law of the state is. The United States is liable in the same manner and according to the same law. Are there cases saying that the same burden of proof has to be used in federal court claims cases as under state law? I'm not aware of cases on that precise point. But it is my understanding that is the case. And also- Based on what? You don't know what the cases are. How can you say that it's the same? Based on the pronouncement within the statute that it is, the liability of the United States is to the same extent. Well, it would be interesting if it's the same language to know what the law is under the Tort Claims Act. But you don't know what the law is under the Tort Claims Act with respect to the burden of proof, right? No, I do not. I did not do a survey. Well, if you're going to make the argument, it might have been good to check the second step. I agree, Your Honor. However, under U.S. v. Richards, the Supreme Court made the statement that the law of the place should be interpreted to include the whole law of the place. I do wish I had cases for you on the second portion, but I do not. Also, to follow up on another point that was made, the potential for potentially different results under different facts is, of course, recognized by the statute as it's been drafted by Congress through the incorporation of state law and their knowledge that different states could have different standards and different requirements, in fact, to incorporate what does constitute a valid marriage. If there are no further questions, we would ask for the reasons in our brief and these reasons that the judgment of the Veterans Court be affirmed. Okay. Thank you, Ms. Bartlett. Ms. Compesta, you've got almost five minutes here. Thank you. We don't believe that the arguments made by the government have overcome Ms. Coleman's showing that the language in 103C explicitly provides a standard of proof, and so I know I've said it before, but I'll say it again. I think we need to go back in that instance to the language of 5107B, which is supposed to apply to all material issues relating to a claim. Beyond that, we look to the statutory context of 103 as a whole. We look to the Supreme Court's guidance in Fishgold, which requires that these statutes be liberally read in a pro-Veteran manner, allowing a harmonious interplay of the separate provisions. Any interpretive ambiguity here must be resolved in favor of the claimant. Absent any further questions from the panel, I'll sit down. Thank you. Thank you, Ms. Compesta. Thank both counsel. The case is submitted.